IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| QBE Insurance Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Corrie Burckhard, as Personal | ) |
| Representative for the estate of Todd | ) **ORDER DENYING QBE INSURANCE** |
| Burckhard; Maria Mack, as Personal | ) **CORPORATION'S MOTION TO** |
| Representative for the estate of Blaine H. | ) **DISMISS, OR ALTERNATIVELY FOR** |
| Mack; BNSF Railway Company, a | ) **SUMMARY JUDGMENT, ON COUNTS** |
| Delaware corporation; CUSA ES, LLC, | ) **2 AND 3 OF BNSF/COACH AMERICA'S** |
| d/b/a Coach America Crew Transport; | ) **COUNTERCLAIM** |
| and Timothy P. Rennick, | ) |
| | ) |
| Defendants, | ) Case No: 4:13-cv-125 |
| | ) |
| v. | ) |
| | ) |
| BNSF Railway Company, a Delaware | ) |
| Corporation and CUSA ES, LLC, d/b/a | ) |
| Coach America Crew Transport, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| QBE Insurance Corporation, | ) |
| | ) |
| Counter-Defendant. | ) |

Before the Court is "QBE Insurance Corporation's Motion to Dismiss, or Alternatively for Summary Judgment, on Counts Two and Three of Counterclaims" filed on September 26, 2016. See Docket No. 129. BNSF Railway Company and CUSA ES, LLC filed a response in opposition to the motion on October 3, 2016. See Docket No. 133. QBE Insurance Corporation then filed a

reply brief on October 17, 2016. See Docket No. 134. For the reasons set forth below, the motion is denied.

I. **BACKGROUND**

This case arises out of an underlying action in which Corrie Burckhard, as Personal Representative for the Estate of Todd Burckhard, and Maria Mack, as Personal Representative for the Estate of Blaine H. Mack, filed suit against BNSF Railway Company ("BNSF") and CUSA ES, LLC ("Coach America") to recover for the wrongful deaths of their husbands. See Case No. 4:13-cv-038 (D.N.D. March 28, 2013).

On Friday, August 19, 2011, Timothy P. Rennick was operating a motor vehicle on behalf of and at the direction of the Defendants BNSF and Coach America. Rennick was transporting decedents Todd Burckhard and Blaine Mack, both employees of BNSF, to Glasgow, Montana, pursuant to their employment duties with BNSF. While traveling west on Highway 2, the vehicle Rennick was driving collided with a vehicle driven by Ronald Keiser. As a result of the collision, both Burckhard and Mack were killed.

On March 28, 2013, the surviving spouses of Todd Burckhard and Blaine Mack brought the underlying action on behalf of the estates against BNSF and Coach America. On May 2, 2013, Coach America filed a third party complaint against Ronald Keiser and his insurer, QBE Insurance. See Docket No. 13 (Case No. 4:13-cv-038). On July 16, 2013, Coach America filed an amended third party complaint to add Ost Brothers, Inc., d/b/a Wagon Wheel Bar as an additional third party defendant. QBE Insurance, Ronald Keiser, and Ost Brothers, Inc., each filed motions to dismiss in the underlying action. On September 3, 2013, the Court dismissed the third party complaint against QBE Insurance and concluded the Plaintiffs may not bring a direct action against an insurer unless liability is reasonably clear. See Docket No. 40 (Case No. 4:13-cv-038). The Court later

dismissed the third party complaint against Ronald Keiser and against Ost Brothers Inc. for lack of personal jurisdiction. See Docket Nos. 43 and 51 (Case No. 4:13-cv-038).

On September 24, 2013, QBE Insurance requested leave to deposit its policy limits with the Court to allocate the funds between competing interests. See Docket No. 44 (Case No. 4:13-cv-038). The Court denied QBE Insurance's request for leave to deposit funds because QBE Insurance was no longer a party to the lawsuit, and it was not yet established the insurance proceeds were "in dispute." See Docket No. 50 (Case No. 4:13-cv-038).

On November 1, 2013, QBE Insurance filed this interpleader action against Corrie Burckhard as personal representative of the estate of Todd Burckhard, Maria Mack as personal representative of the estate of Blaine H. Mack, BNSF, Coach America, and Timothy P. Rennick in an effort to resolve any claims against it arising from the underlying action. See Docket No. 3. On April 11, 2014, the Defendants, BNSF and Coach America, filed an answer to the interpleader complaint and a counterclaim against QBE Insurance. In their counterclaim, BNSF and Coach America sought a declaration as to the allocation of the QBE Insurance policy proceeds and alleged claims against QBE Insurance for violations of unfair trade practices under Montana law, common law bad faith, indemnification, and attorney's fees. See Docket No. 13. On May 12, 2014, QBE Insurance filed a motion to dismiss BNSF and Coach America's counterclaims of violations of unfair trade practices, common law bad faith, indemnification, and attorney's fees. See Docket No. 18. On October 17, 2014, the Court granted without prejudice QBE Insurance's motion to dismiss the counterclaims, except for the counterclaim seeking declaratory judgment. See Docket No. 46.

The underlying action proceeded to trial on December 11, 2014. See Docket No. 167 (Case No. 4:13-cv-038). At the conclusion of eight days of trial, the jury returned a verdict and found

BNSF was negligent under FELA and such negligence caused the deaths of Todd Burckhard and Blaine Mack. The jury awarded damages in the amount of $2,668,943.00 to Corrie Burckhard and damages in the amount of $987,690.00 to Maria Mack. The jury further found Coach America and/or its employee, Timothy Rennick, were negligent, but such negligence did not play a substantial role in causing the deaths of Todd Burckhard and Blaine Mack.

After conclusion of the jury trial in the underlying action, BNSF and Coach America renewed their counterclaim against QBE Insurance and their cross-claim against Burckhard and Mack. See Docket No. 49. QBE Insurance filed a Motion to Dismiss Counts 2 through 5 of Coach America/BNSF's renewed counterclaim on March 5, 2015. See Docket No. 51. The Court granted in part and denied in part QBE Insurance's motion to dismiss, dismissing Count 4 (tort of another) and Count 5 (attorney's fees) of BNSF and Coach America's counterclaim. See Docket No. 83. QBE Insurance again seeks dismissal, or alternatively, summary judgment of the remaining counts (Counts 2 and 3) of BNSF/Coach America's counterclaim.[1]

II. **STANDARD OF REVIEW**

The pending motion before the Court filed by QBE Insurance seeks dismissal for lack of subject matter jurisdiction of Count 2 and Count 3 of BNSF and Coach America's counterclaim. Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial

---

[1] On July 18, 2017, the Court issued an order in which the Court concluded the insurance policy issued to Keiser by QBE Insurance is subject to stacking of liability limits. See Docket No. 145. The Court's order of July 18, 2017 disposed of only a portion of Count 1 (declaratory relief) of BNSF/Coach America's counterclaim against QBE Insurance. The Court has yet to allocate proceeds of QBE Insurance's policy.

court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990). As a result, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Nonetheless, the burden is on the plaintiff to demonstrate jurisdiction exists.

## II.    LEGAL DISCUSSION

In its motion to dismiss, or alternatively for summary judgment, Count 2 (Unfair Trade Practices) and Count 3 (Third-Party Common Law Bad Faith) of Coach America and BNSF's Second Counterclaim, QBE Insurance contends the Court should dismiss the counts because (1) the Court lacks subject matter jurisdiction over the claims and (2) the doctrines of res judicata and full faith and credit bar BNSF and Coach America from litigating their claims before this Court.

### A.    Subject Matter Jurisdiction

In its motion, QBE Insurance contends this Court lacks subject matter jurisdiction over Counts 2 and 3 of BNSF and Coach America's counterclaim because a court's jurisdiction over such claims of bad faith and violations of the Uniform Trade Practices Act ("UTPA") arise only when liability of the insured is established. Consequently, according to QBE Insurance, the Court lacks jurisdiction over the UTPA and bad faith claims because Keiser's liability is not yet established. See Docket No. 130, pp. 6-10. On previous occasion, QBE Insurance has requested the Court dismiss Counts 2 and 3 of Coach America and BNSF's second, renewed counterclaim for failure to state a claim. See Docket No. 51. In its order denying the request to dismiss Counts 2 and 3, the Court stated:

> At this stage of the proceeding and without passing on the merits of the claim, the Court concludes Coach America and BNSF sufficiently state a UTPA claim upon which relief can be granted based upon the plain language of M.C.A. § 33-18-201(6) and the Montana Supreme Court's *Ridley* decision. Therefore, dismissal of count 2 and count 3 of Coach America and BNSF's counterclaim pursuant to Rule 12(b)(6) is unwarranted. Dismissal of Coach America and BNSF's UTPA claim is particularly unfavorable given QBE Insurance brought this interpleader action although its liability and the liability of its insured may not be resolved. Coach America and BNSF should not be required to defend against QBE Insurance's interpleader action, despite the fact that QBE Insurance and Keiser's liability may not be resolved, but be prevented from bringing their counterclaims until they have obtained a judgment against Keiser or settled their claim with Keiser. QBE Insurance should not be able to receive the protection afforded to it as an interpleader-plaintiff to deposit funds with the Court, despite the unresolved liability of its insured, and prevent Coach America and BNSF from proceeding with its counterclaims because Keiser's liability may not be resolved. A party cannot utilize the benefits of interpleader when liability has not been resolved and then claim other parties may not seek recourse against it until the party's liability or the party's insured's liability is clearly established. Such a double-standard runs contrary to the principles of judicial economy and efficiency.

See Docket No. 83, p. 10.

QBE Insurance's current motion before the Court unimaginatively reiterates the same arguments it made previously, namely that BNSF and Coach America may not bring a direct action against QBE Insurance until a judgment is entered against Keiser. The Court already rebuffed such argument, concluding "Coach America and BNSF sufficiently state a UTPA claim upon which relief can be granted based upon the plain language of M.C.A. § 33-18-201(6) and the Montana Supreme Court's *Ridley* decision." See Docket No. 83, p. 10. The Court has already concluded BNSF and Coach America's claims are not premature in this interpleader action; consequently, the Court has subject matter jurisdiction over the claims. The current motion before the Court is an attempt by QBE Insurance to take a second bite at the apple, seeking the same relief the Court already denied. Accordingly, the Court declines to dismiss Counts 2 and 3 of Coach America and BNSF's second counterclaim for lack of subject matter jurisdiction.

### B. Res Judicata & Full Faith and Credit

QBE Insurance next contends "the [Montana state] district court's August 21, 2014 Order in Valley County Cause No. DV-2013-038 bars BNSF from re-ligitating the exact same claim that it already had the opportunity to litigate – whether or not its bad faith claims are premature under Mont. Code Ann. § 33-18-242(6)(b)." See Docket No. 130, p. 12. BNSF and Coach America disagree, contending the doctrine of res judicata does not bar their claims from being heard by this Court.

On August 7, 2013, BNSF and Coach America filed suit in Montana state district court against Ost Brothers (d/b/a Wagon Wheel Bar), Ronald Keiser, QBE Insurance, as well as John Does and XYZ Corporations. See Docket No. 130-3, p. 2. In December 2013, BNSF and Coach America filed an amended complaint in the Montana state court action, seeking a declaratory relief as well as alleging claims against QBE for bad faith and violations of Montana's Unfair Trade Practices Act ("UTPA").[2] On June 23, 2014, QBE Insurance filed a motion to dismiss BNSF and Coach America's claims of bad faith and violations of the UTPA for failure to state a claim. Id. at 4. On August 21, 2014, the Montana's Seventh Judicial District, Valley County, granted QBE Insurance's motion to dismiss BNSF and Coach America's claims. In its order, the state court concluded BNSF and Coach America failed

> to state a UTPA claim against QBE upon which relief can be granted. At this time, [BNSF and Coach America] would not be entitled to relief based on any set of facts that could be proven to support their claim. Keiser's civil liability remains unresolved. No exception applies which would allow Plaintiffs to bring a direct third-party action against QBE.

---

[2] BNSF and Coach America filed a Second Amended Complaint on June 12, 2014. See Docket No. 130-3, p. 4 n. 1.

See Docket No. 130-3, p. 21. The Montana state district court then denied QBE Insurance's motion to dismiss the claims with prejudice, and ordered the dismissal be *without prejudice*. Id. (emphasis added).

A few months later, the undersigned granted QBE Insurance's motion to dismiss BNSF and Coach America's counterclaims against QBE Insurance. See Docket No. 46. In its order, the Court concluded "the claims brought against QBE Insurance by Coach America in counts 2-4 of the counterclaim (i.e. violation of unfair trade practices under Montana law, common law bad faith, and indemnity/tort of another) are premature . . . ." Id. at 9. Therefore, the undersigned granted QBE Insurance's motion to dismiss counts 2-5 of BNSF and Coach America's counterclaim *without prejudice*. Id. at 11.

After conclusion of the jury trial in the underlying action (Case No. 4:13-cv-038), BNSF and Coach America renewed their counterclaim against QBE Insurance. See Docket No. 49. On March 5, 2015, QBE filed a Motion to Dismiss Count 2 through 5 of Coach America/BNSF's renewed counterclaim. See Docket No. 51. On November 9, 2015, the undersigned dismissed Counts 4 and 5 of the BNSF and Coach America's counterclaim, but denied QBE Insurance's motion to dismiss Counts 2 and 3 (UTPA and common law bad faith claims). See Docket No. 83. On November 25, 2015, QBE Insurance requested reconsideration of the Court's November 9, 2015 Order as to Counts 2 and 3. See Docket No. 89. The Court denied reconsideration. See Docket No. 101.

The present motion before the Court is QBE Insurance's fourth request to dismiss BNSF and Coach America's claims of UTPA violations and common law bad faith against QBE Insurance. See Docket Nos. 18, 51, 88, and 129. Since the August 21, 2014 Order from Montana's Seventh Judicial District, Valley County, dismissing BNSF and Coach America's claims against

8

QBE Insurance as premature, and before filing the presenting motion, QBE Insurance has twice asked this Court to dismiss nearly identical claims addressed by the Montana state court. QBE Insurance did not inform the Court of the August 21, 2014 Order from the Montana state court in either of those motions requesting dismissal.

The purpose of the doctrine of res judicata is to prevent the "re-litigation of a cause of action that a party has already had the opportunity to litigate." In re Estate of Benjamin, 339 P.3d 1232, 1234. The Montana Supreme Court has enumerated the elements that trigger the application of res judicata. Specifically, the doctrine of res judicata bars the re-litigation of a cause of action when the following elements are met: (1) The parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and the issues between them. Id. Most importantly, res judicata "only applies once a final judgment on the merits has been entered in an earlier action." Id. (quoting Touris v. Flathead Cnty., 258 P.3d 1, 4 (Mont. 2011).

There is little dispute between the parties regarding elements 1 through 4 outlined above. In fact, the parties both appear to agree the Montana state court's "dismissal of BNSF's complaint against QBE without prejudice is *not* a 'final judgment.'" See Docket Nos. 134, p. 6, and 133, p. 12. The Court agrees with the parties the August 21, 2014 Order of the Montana's Seventh Judicial District, Valley County, granting QBE Insurance's motion to dismiss BNSF and Coach America's claims is not a final judgment on the merits. Most telling of the order's non- finality is that the dismissal of BNSF and Coach America's claims was *without prejudice.* See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001); Santana v. City of Tulsa, 359 F.3d 1241, 1246 n. 3 (10th Cir. 2004); see also Fed. R. Civ. P. 41(a) (distinguishing between dismissals without

9

prejudice and dismissals that operate as an adjudication on the merits). Therefore, the doctrine of res judicata does not bar BNSF and Coach America from litigating their claims against QBE Insurance in this Court. QBE also had ample opportunity to raise these arguments in its previous requests for the Court to dismiss counts 2 and 3 of the counterclaim. QBE did not.

The Court notes that like the Montana state district court, this Court previously dismissed without prejudice BNSF and Coach America's claim of UTPA violations and common law bad faith against QBE Insurance as premature. See Docket No. 46. Such dismissal without prejudice by this Court did not foreclose the Court from later declining to dismiss the renewed claims once those claims become mature based upon the procedural posture of this case. In a similar way, the Montana state district court's dismissal without prejudice cannot bar litigation of BNSF and Coach America's claims in this forum.

For the same reasons res judicata does not bar the litigation of BNSF and Coach America's claims in this action, the Court concludes full faith and credit does not bar such claims. In fact, the Court finds QBE Insurance's arguments relating to full faith and credit without merit. Additionally, at this juncture, the Court declines to address whether summary judgment in favor of QBE Insurance on Counts 2 and 3 of BNSF and Coach America's counter claim is warranted given its conclusion BNSF and Coach America's claims are properly before the court.

## IV. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, QBE Insurance's motion (Docket No. 129) is **DENIED** and BNSF and Coach America's Motion for Discovery (Docket No. 117) is **GRANTED**. The Court

also **FINDS AS MOOT** the motion for status conference (Docket No. 142) filed by BNSF, Burckhard, and Mack.

    **IT IS SO ORDERED.**

Dated this 22nd day of August, 2017.

                                        */s/ Daniel L. Hovland*
                                        Daniel L. Hovland, Chief Judge
                                        United States District Court