# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| QBE Insurance Corporation, | ) |
| Plaintiff, | ) |
| v. | ) |
| Corrie Burckhard, as Personal Representative for the estate of Todd Burckhard; Maria Mack, as Personal Representative for the estate of Blaine H. Mack; BNSF Railway Company, a Delaware corporation; CUSA ES, LLC, d/b/a Coach America Crew Transport; and Timothy P. Rennick, | ) **ORDER DENYING BNSF'S MOTION FOR SUMMARY JUDGMENT RE: OFFSET** |
| Defendants, | ) Case No: 4:13-cv-125 |
| v. | ) |
| BNSF Railway Company, a Delaware Corporation and CUSA ES, LLC, d/b/a Coach America Crew Transport, | ) |
| Counter-Claimants, | ) |
| v. | ) |
| QBE Insurance Corporation, | ) |
| Counter-Defendant. | ) |

Before the Court is "BNSF Railway Company's Motion for Partial Summary Judgment Re: Offset" filed on September 28, 2016. See Docket No. 131. Defendants Corrie Burckhard and Maria Mack filed a response in opposition to the motion on October 19, 2016. See Docket No. 135. BNSF Railway Company filed a reply brief on October 31, 2016. See Docket No. 137. For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

This case arises out of an underlying action in which Corrie Burckhard, as Personal Representative for the Estate of Todd Burckhard, and Maria Mack, as Personal Representative for the Estate of Blaine H. Mack filed suit against BNSF Railway Company ("BNSF") and CUSA ES, LLC ("Coach America") to recover for the wrongful deaths of their husbands. See Case No. 4:13-cv-038 (D.N.D. March 28, 2013). On August 19, 2011, a Coach America driver was driving a motor vehicle and transporting the decedents, Todd Burckhard and Blaine Mack, both employees of BNSF, to Glasgow, Montana. While traveling west on Highway 2, a vehicle driven by Ronald Keiser collided with the vehicle Rennick was driving. As a result of the collision, both Burckhard and Mack were killed. At the time of the accident, Keiser had an insurance policy with QBE Insurance Corporation ("QBE Insurance").

The underlying action proceeded to trial on December 11, 2014. See Docket No. 167 (Case No. 4:13-cv-038). At the conclusion of eight days of trial, the jury returned a verdict and found BNSF was negligent under FELA and such negligence caused the deaths of Todd Burckhard and Blaine Mack. The jury awarded damages in the amount of $2,668,943.00 to Corrie Burckhard and damages in the amount of $987,690.00 to Maria Mack. The jury further found Coach America and/or its employee, Timothy Rennick, were negligent, but such negligence did not play a substantial role in causing the deaths of Todd Burckhard and Blaine Mack.

On January 5, 2015, BNSF and Coach America filed a motion in the underlying action to alter or amend the judgement in favor of Burckhard and Mack to reduce the amount payable to the Plaintiffs by $300,000 for each Plaintiff. See Docket No. 168 (Case No. 4:13-cv-038). BNSF and Coach America's request was based upon the language of an "Off Track Vehicle Accident Benefits Agreement" which stated:

### E. Offset:

> It is intended that this Article V is to provide a guaranteed recovery by an employee or his personal representative under the circumstances described, and that receipt of payment thereunder shall not bar the employee or his personal representative from pursing [sic] any remedy under the Federal Employer Liabilities Act or any other law; provided, however, that any amount received by such employee or his personal representative under this Article may be applied as an offset by the railroad against recovery that is obtained.

See Docket No. 132-2 at 6. The Court denied BNSF and Coach America's motion to amend or alter the judgment because the issue of whether BNSF may be entitled to an offset under the "Off Track Vehicle Accident Benefits Agreement" was collateral to the merits of the underlying case. See Docket No. 180 (Case No. 4:13-cv-038). On appeal, the Eighth Circuit Court of Appeals affirmed the Court's decision in the underlying action to not alter or amend the judgment, emphasizing the amounts paid by BNSF to Burckhard and Mack "*may* be applied as an offset by the railroad against recovery that is obtained" under the "Off Track Vehicle Accident Benefits Agreement." See Docket No. 216-1 at 11 (Case No. 4:13-cv-038) (emphasis in original). The Eighth Circuit specifically agreed with the rational of this Court in denying the motion, concluding there was no abuse of discretion upon denying the request to alter or amend the judgment:

> The action before the district court, and tried to the jury, encompassed only claims under FELA and negligence under Montana common law. The agreement was not encompassed within the decision on the merits of plaintiffs['] FELA case. Moreover, the agreement has the potential to spawn additional litigation over the use of the word "may."

Id. at 12.

On November 1, 2013, QBE Insurance Corporation filed this interpleader action against Corrie Burckard, as personal representative for the estate of Todd Burckhard; Maria Mack, as personal representative for the estate of Blaine H. Mack; BNSF; and Coach America in an effort to resolve any claims against it arising from the underlying action. See Docket No. 3. On February

3

18, 2015, Coach America and BNSF filed a counterclaim against QBE Insurance as well as a cross claim against Burckhard and Mack. See Docket No. 49. In the cross claim, BNSF and Coach America allege "BNSF and Coach America are entitled to declaratory relief affirming their right to an offset or credit to the damages awarded (described in Paragraphs 21 and 22) by the Jury in Case No.: 4.13-cv-038 based on the Off Track Vehicle Benefits Agreement payments of $300,000 to each Estate." Id. at 10. On March 10, 2015, Burckhard and Mack then filed a crossclaim against BNSF and Coach America. See Docket No. 55. As part of their crossclaim, Burckhard and Mack allege:

> 21. Coach America has never made payment on the Off-Track Vehicle Agreement and is not entitled to the benefit of the Off-Track Vehicle Agreement offset.
>
> 22. BNSF, and only BNSF, is entitled to an offset by the amount paid for the Off-Track Vehicle Agreement. However, because BNSF has tendered the defense and indemnity obligations to Coach America and AIG, BNSF will not be paying the verdict and therefore is not entitled to an offset. BNSF is entitled to a subrogation claim against Coach America for the off track vehicle payment or against other at fault individuals including in their claims against the bar and other insurance, but only to the extent the victim's of the collision have not been fully compensated, including Burckhard and Mack for their Montana Common Law damages.
>
> . . .
>
> 27. Burckhard and Mack and the Estates of Burckhard and Mack are entitled to the declaratory relief affirming that BNSF is not entitled to an off-set or credit for damages awarded by the jury in Case No. 4:13-cv-038 based on the Off Track Vehicle Benefits Agreement because the trial court determined that BNSF and Coach America are not entitled to an off-set and because BNSF has tendered its defense and indemnification has been accepted by Coach America on BNSF's behalf. Therefore, BNSF will not be entitled to an off-set from a payment which they will never be making. Coach America is the real party in interest and is not entitled to an off-set under the Off-Track Vehicle Agreement. Rather, BNSF is entitled to subrogation against Coach America and AIG for any off-track vehicle benefits paid.

See Docket No. 55.

BNSF now asks the Court for a declaration it is entitled as a matter of law to recover $300,000 which it paid to each of the Estates of Todd Burckhard and Blaine Mack ($600,000 aggregate). In their responsive brief, Burckhard and Mack contend the Railway Labor Act ("RLA") preempts BNSF's claim for an offset and this Court therefore lacks jurisdiction over the claim.

II. **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire into whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). The non-moving party may not rely merely on allegations or denials; rather, it must set out specific facts showing a genuine issue for trial. Id.

## III.    LEGAL DISCUSSION

The Railroad Labor Act ("RLA") was enacted to promote stability in labor-management relations by providing a comprehensive framework for the resolution of labor disputes. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). In order to accomplish its purpose, the RLA provides a mandatory arbitration mechanism for two types of disputes: major disputes and minor disputes. Id. Major disputes relate to the formation of collective bargaining agreements, while minor disputes involve disagreements or grievances over the meaning of existing collective bargaining agreements as they relate to rates of pay, rules, or working conditions. Id. at 252-53. Claims based on minor disputes must be resolved through the RLA arbitration mechanism. Id. Consequently, a district court lacks jurisdiction over claims based on minor disputes. Sturge v. Northwest Airlines, Inc., 658 F.3d 832, 836 (8th Cir. 2011) (concluding minor disputes are subject to mandatory arbitration before an adjustment board).

A cause of action encompasses a minor dispute if it involves the interpretation of an existing labor agreement. Norris, 512 U.S. at 256. In this context, "interpretation" means the resolution of a dispute over the meaning of a provision of a labor agreement. Sturge, 658 F.3d at 838. The distinguishing feature of a minor dispute is that the "dispute may be conclusively resolved by interpreting the existing agreement." Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n, 491 U.S. 299, 305 (1989). However, when the meaning of contract terms are not disputed, the mere fact that a collective bargaining agreement is consulted or referenced in the course of litigation does not necessarily mean the cause of action is preempted. Evermann v. BNSF Ry. Co., 608 F.3d 364, 366-67 (8th Cir. 2010). The RLA does not preempt a cause of action to enforce rights that are independent of a collective bargaining agreement. Norris, 512 U.S. at 256.

At issue here is the language of an "Off Track Vehicle Accident Benefits Agreement." It is undisputed by the parties that the "Off Track Vehicle Accident Benefits Agreement" is part of the collective bargaining agreement entered into by BNSF and Burckhard and Mack. The Agreement, in pertinent part, provides:

**E. Offset:**

It is intended that this Article V is to provide a guaranteed recovery by an employee or his personal representative under the circumstances described, and that receipt of payment thereunder shall not bar the employee or his personal representative from pursing [sic] any remedy under the Federal Employer Liabilities Act or any other law; provided, however, that any amount received by such employee or his personal representative under this Article may be applied as an offset by the railroad against recovery that is obtained.

See Docket No. 132-2 at 6. BNSF contends the Estates of Todd Burckhard and Blaine Mack each are required to reimburse BNSF $300,000 as a "set-off" based wholly upon the language of the "Off Track Vehicle Accident Benefits Agreement."

On previous occasions, both the Eighth Circuit and this Court have unequivocally determined BNSF's claim of an off-set hinges on the interpretation of the "Off Track Vehicle Accident Benefits Agreement," with specific reference to the need to interpret the term "*may*" in the Agreement. See Docket Nos. 180 and 216-1 (Case No. 4:13-cv-038). In fact, BNSF's claim to an offset would be conclusively resolved by interpreting the "Off Track Vehicle Accident Benefits Agreement." BNSF's claim to an offset does not arise out of a right independent of a collective bargaining agreement. Consequently, the Court concludes this dispute is a minor dispute specifically contemplated by the RLA and is subject to the mandatory arbitration mechanisms outlines in the RLA. See Consol. Rail Corp., 491 U.S. at 305. Accordingly, this Court lacks jurisdiction over BNSF and Coach America's crossclaim against Burckhard and Mack as well as

the portion Burckhard and Mack's crossclaim that seeks a declaration BNSF and Coach America are not entitled to a set-off pursuant to the "Off Track Vehicle Accident Benefits Agreement."

IV. **CONCLUSION**

The Court has carefully reviewed the record, the parties' briefs, and the relevant case law. For the reasons set forth above, the Court **DENIES** "BNSF Railway Company's Motion for Partial Summary Judgment Re: Offset" (Docket No. 131). Further, the Court dismisses without prejudice (1) the portion of BNSF and Coach America's crossclaim against Burckhard and Mack in which BNSF and Coach America seek a declaration BNSF is entitled to an off-set and (2) the portion of Burckhard and Mack's crossclaim against BNSF and Coach America in which Burckhard and Mack seek a declaration BNSF is not entitled to an off-set.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2017.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court