**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| QBE Insurance Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER DENYING QBE INSURANCE'S** |
| Corrie Burckhard, as Personal | ) | **MOTION FOR CERTIFICATION** |
| Representative for the estate of Todd | ) | **UNDER 28 U.S.C. § 1292(b) OR** |
| Burckhard; Maria Mack, as Personal | ) | **ALTERNATIVELY UNDER RULE 54(b)** |
| Representative for the estate of Blaine H. | ) | |
| Mack; BNSF Railway Company, a | ) | |
| Delaware corporation; CUSA ES, LLC, | ) | |
| d/b/a Coach America Crew Transport; | ) | |
| and Timothy P. Rennick, | ) | |
| | ) | |
| Defendants, | ) | Case No: 4:13-cv-125 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF Railway Company, a Delaware | ) | |
| Corporation and CUSA ES, LLC, d/b/a | ) | |
| Coach America Crew Transport, | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QBE Insurance Corporation, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

Before the Court is "QBE's Motion for Certification Under 28 U.S.C. Section 1292(b) or

Alternatively Under Rule 54(b)" filed on September 1, 2017.  See Docket No. 165.  For the reasons

set forth below, the motion is denied.

## I.    BACKGROUND

On July 18, 2017, the Court issued an order in which the undersigned concluded Section 33-23-203 of the Montana Code Annotated applies to liability coverages.  See Docket No. 145. The Court then applied Section 33-23-203 and determined:

> the liability coverages for each of Keiser's five vehicles insured pursuant to QBE Insurance's policy may be stacked with the stacked policy limit of $1.5 million, the aggregate of $300,000 liability limits for each of the five vehicles insured under the policy.

See Docket No. 145, p. 12.  After the Court issued its order on July 18, 2017, QBE Insurance Corporation ("QBE Insurance") filed a motion to amend the order because its policy covered four, instead of five, vehicles on the date of loss.  See Docket No. 147.  The Court granted the motion and entered an amended order on August 23, 2017, clarifying that QBE Insurance's policy covered four vehicles with a liability coverage policy limit of $1.2 million, the aggregate of $300,000 liability limits for each of the four vehicles.  See Docket Nos. 160 and 161.

On August 15, 2017, QBE Insurance requested this Court reconsider its order of July 18, 2017 (amended on August 23, 2017), or alternatively certify the question answered by this Court in its July 18, 2017 Order, namely whether Montana law allows stacking of liability coverage, to the Montana Supreme Court.  See Docket No. 153.  The Court denied QBE Insurance's request for reconsideration and certification to the Montana Supreme Court.  See Docket No. 156.  After the Court's amended order of August 23, 2017, issues remain for the Court's consideration:  (1) the allocation of the $1.2 million policy funds from QBE Insurance policy issued to Keiser between the Defendants and (2) CUSA ES, LLC ("Coach America") and BNSF Railway Company's

("BNSF") claims against QBE Insurance for bad faith and violations of Montana's Unfair Trade Practices Act.[1]

Similar to QBE Insurance's previous motions, QBE Insurance again requests review of the Court's August 23, 2017 Amended Order before final judgment in the case has been duly entered. QBE Insurance specifically asks the Court to certify an interlocutory appeal of the Court's August 23, 2017 Amended Order pursuant to 28 U.S.C. § 1292(b) or, alternatively, certify the Court's amended order of August 23, 2017, as a final judgment under Federal Rule of Civil Procedure 54(b). BNSF and Coach America, as well as Burckhard and Mack, object to any interlocutory appeal of the Court's August 23, 2017 Amended Order to the Eighth Circuit Court of Appeals. See Docket Nos. 169 and 170.

## II. <u>LEGAL DISCUSSION</u>

QBE Insurance is requesting this Court permit appellate review of one legal issue resolved by the Court before resolution of the remaining claims and entry of final judgment in this case. BNSF, Coach America, Burckhard, and Mack contend QBE Insurance has failed to meet its burden to demonstrate an immediate appeal is warranted and object to interlocutory review because such review will further delay proceedings. QBE Insurance seeks appellate review of the Court's August 23, 2017 Amended Order pursuant to 28 U.S.C. § 1292(b) or alternatively Rule 54(b) of the Federal Rules of Civil Procedure. The Court first turns to decide whether an interlocutory appeal pursuant to Section 1292(b) of the liability coverage stacking issue is appropriate under the circumstances of this case.

---

[1] The Court notes that on August 22, 2017, it dismissed without prejudice (1) the portion of BNSF and Coach America's crossclaim against Burckhard and Mack in which BNSF and Coach America sought a declaration BNSF is entitled to an off-set and (2) the portion of Burckhard and Mack's crossclaim against BNSF and Coach America in which Burckhard and Mack seek a declaration BNSF is not entitled to an off-set. See Docket No. 158.

**A.    28 U.S.C. § 1292(b)**

"It has long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants."  Union Cnty. v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quoting White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994)).  Pursuant to 28 U.S.C. § 1292(b), a court of appeals may, in its discretion, permit an appeal of a district court's order when:

> a district judge, in making in a civil action an order not otherwise appealable [as an interlocutory order] shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).  Certification of an appeal pursuant to Section 1292(b) is an extraordinary measure and not intended to serve as review by an appellate court of difficult rulings. Union Cnty., 525 F.3d at 646 (quoting Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).  In fact, Section 1292(b) should only be used in exceptional cases where a decision on appeal may obviate "the need for protracted and extensive litigation."  White, 43 F.3d at 376.  QBE Insurance bears the heavy burden of demonstrating the case is one which warrants immediate appeal.  Id.  To certify an appeal pursuant to Section 1292(b), the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.  Id.

The Court first addresses whether its amended order of August 23, 2017, involves a "controlling question of law."  See id.  In its brief in support of its motion, QBE Insurance does not expressly address the element of whether the Court's August 23, 2017 Amended Order involves a "controlling question of law."  Additionally, in its reply brief, QBE Insurance presumes the application of Montana Code Annotated § 33-23-203 is a controlling question of law as it is a

threshold, potentially outcome-determinative issue in this case. See Docket No. 172, p. 2. A question of law is not 'controlling' simply because it determines the outcome of a case; instead, "a question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, 604 F. Supp. 616, 620 (E.D. Wis. 1985). QBE Insurance has offered no explanation, but for the perfunctory statement that the stacking issue is a threshold determination in this case, how the Court's August 23, 2017 Amended Order involves a controlling question of law.

The Court has reviewed Montana case law and finds some authority indicating the application of Mont. Code Ann. 33-23-203 to liability coverages is a determinative issue that may contribute to the early resolution of some coverage dispute cases. However, because the Court concludes QBE Insurance has failed to demonstrate substantial ground for difference of opinion exists as to the application of Section 33-23-203 to liability coverages and certification will materially advance the ultimate termination of the litigation, the Court does not find this criteria determinative of whether the Court's amended order of August 23, 2017, is appealable pursuant to 28 U.S.C. § 1292(b).

Certification pursuant to 28 U.S.C. § 1292(b) also requires substantial ground for difference of opinion. White, 43 F.3d at 376. Identification of several conflicting and contradictory opinions may demonstrate substantial grounds for disagreement. First Nat'l Bank of Waukesha, 604 F. Supp. at 620. However, a substantial ground for disagreement does not exist merely because "there is a dearth of cases." Id. Predictably, much of QBE Insurance's brief in support of its motion focuses on its disagreement with the Court's determination that stacking of liability coverages applies to QBE Insurance's policy issued to Keiser. In fact, the backbone of its argument is that substantial ground exists for difference in opinion of the Court's liability coverage

stacking determination is QBE Insurance's belief that the Court reached a decision contrary to Montana case law. QBE Insurance contends multiple Montana state district court decisions determined Montana Code Annotated § 33-23-203 does not apply to liability coverages. See Docket No. 166, pp. 2-8.

The Court has again carefully reviewed the Montana Supreme Court and district court cases cited by both parties in support of their motions for summary judgment as to the stacking of liability coverages. The Court also reviewed those newly cited cases in QBE Insurance's motion for interlocutory appeal. The Court agrees that numerous Montana cases discuss the issue of whether liability coverages may stack under Section 33-23-203. Regardless, the Court is still of the opinion, as it was when it issued its order of July 8, 2017 (amended order of August 23, 2017), that Section 33-23-203 applies to liability coverages in motor vehicle liability policies. Neither party can reasonably disagree that in *Christensen v. Mountain W. Farm Bureau Mut. Ins. Co.* the Montana Supreme Court applied pre-amended Section 33-23-203 to determine whether liability coverages stack. 22 P.3d 624 (Mont. 2000). *Christensen* was the last time the Montana Supreme Court addressed the application of Section 33-23-203 to liability coverages.[2] The amendments to Section 33-23-203 in light of the Montana Supreme Court's decision in *Hardy v. Progressive Specialty Ins. Co.*, 67 P.3d 892 (Mont. 2003), imposed additional requirements on insurers, but did not affect the statute's applicability to liability coverages. Consequently, despite the dearth of state district court cases presented, the Court finds there is not "substantial ground for difference of

---

[2] The Court is fully aware of the line of cases referred to by QBE Insurance in support of its contention that BNSF, Coach America, Mack, and Burckard lack standing to seek stacking of liability coverages. See Hecht v. Mountain W. Farm Bureau Mut. Ins. Co., No. CV-15-40-GF-BMM (D. Mont. 13 2016); Lierboe v. State Farm Mut. Auto. Ins. Co., 73 P3d 800 (Mont. 2003); Chilberg v. Rose, 903 P.2d 1377 (Mont. 1995). As the Court fully discussed in its July 8, 2017 Order, this Court finds the analysis presented in these cases inapposite to this interpleader action. Additionally, the Montana Supreme Court has limited the application of the analysis of these cases, depreciating their precedential value. See State Farm Mut. Auto. Ins. Co. v. Gibson, 163 P.3d 387 (Mont. 2007).

opinion" of the paramount issue addressed in its August 23, 2017 Amended Order.  See White, 43 F.3d at 376.

The Court last considers whether certification will materially advance the ultimate termination of the litigation.  See id.  QBE Insurance contends "[a] decision by the Eighth Circuit regarding stacking of QBE's limits would materially advance the ultimate termination of this litigation . . . ."  See Docket No. 166, p. 2.  In its previous order denying QBE Insurance's motion to reconsider the portion of the Court's November 9, 2015 Order denying the dismissal of count 2 and count 3 of Coach America/BNSF's renewed counterclaim, the Court acknowledged that requiring the parties to examine the stacking of liability coverage would likely narrow the triable issues and increase the likelihood the parties reach a settlement.  See Docket No. 101, pp. 5-6. Based upon representations made to the Court by the parties, the undersigned believed serious consideration of the stacking issue would increase the likelihood of the parties reaching a mutually agreed upon settlement of this case.  Such settlement has not come to fruition in the past eighteen (18) months.

After the Court's amended order of August 23, 2017, resolution of this case requires the Court to decide (1) the allocation of the $1.2 million policy funds from QBE Insurance's policy issued to Keiser between the Defendants and (2) BNSF and Coach America's claims against QBE Insurance for bad faith and violations of UTPA.  These remaining issues would still need to be addressed by the Court even if the Eighth Circuit Court of Appeals decides the Court erred in its determination that Montana Code Annotated § 33-23-203 applies to liability coverages.  While it is true resolution by the Eighth Circuit of the application of Section 33-23-203 to liability coverages may increase the likelihood of settlement by the parties, the Court is not inclined to permit an interlocutory appeal to increase the possibility of settlement when the parties have had

years to settle their disputes and have not. Instead, an interlocutory appeal of the Court's August 23, 2017 Amended Order would merely temporarily shift the forum in which the action is litigated, only to return to this Court after a lengthy appeal. Absent extraordinary circumstances, the Court will not permit an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of the Court's amended order of August 23, 2017.

### B.       Rule 54(b) Judgment

QBE Insurance alternatively argues the Court should direct entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. As discussed above, it is well-established that orders disposing of fewer than all claims are not immediately appealable. Review must generally await a final judgment disposing of all claims. However, a district court may, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, direct entry of final judgment as to one or more but fewer than all of the claims before resolution of all claims. <u>Interstate Power Co. v. Kansas City Power & Light Co.</u>, 992 F.2d 804, 807 (8th Cir. 1993). Rule 54(b) provides as follows:

**Judgment Upon Multiple Claims or Involving Multiple Parties.**

When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The policy of all courts is to avoid piecemeal and interlocutory appeals. <u>See</u> <u>Curtiss-Wright</u> <u>Corp. v. General Elec. Co.</u>, 446 U.S. 1, 8 (1980); <u>Interstate Power Co.</u>, 992 F.2d at 807; <u>Burlington</u> <u>Northern R.R. Co. v. Bair</u>, 754 F.2d 799, 800 (8th Cir. 1985). As result, Rule 54(b) certification is not granted routinely, but is reserved only for those rare cases that warrant an immediate appeal from a partial resolution of a lawsuit. <u>See</u> <u>Bullock v. Baptist Memorial Hospital</u>, 817 F.2d 58, 59 n.2 (8th Cir.1987). The decision regarding certification under Rule 54(b) rests in the discretion of the district court. <u>Downing v. Riceland Foods, Inc.</u>, 810 F.3d 580, 585 (8th Cir. 2016).

The Eighth Circuit has established a two-step analysis to determine whether certification of an order as final under Rule 54(b) is appropriate:

> The court must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim. Second, the district court must determine whether a just reason for delay exists. In making such determination, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.

<u>Id.</u> (internal citation and quotation marks omitted). In the Eighth Circuit, certification under Rule 54(b) is granted only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." <u>Hayden v. McDonald</u>, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam). In *Hayden*, the Eighth Circuit identified several factors to consider to determine whether danger or hardship through delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

719 F.2d at 269 (quoting <u>Allis-Chalmers Corp. v. Phila. Elec. Co.</u>, 521 F.2d 360, 364 (3d Cir. 1975)).

The Court's amended order of August 23, 2017, is not an ultimate disposition of an individual claim. In its amended complaint, QBE Insurance alleges "All Defendants in this action may have claims against the fund created in this action and, as such, QBE Insurance Corporation may be subjected to multiple and possibly conflicting claims." <u>See</u> Docket No. 3, p. 4. Consequently, QBE Insurance requested the Court order the Defendants "settle among themselves any potential rights" to the policy limits. <u>Id.</u> In Count 1 of their counterclaim against QBE Insurance, Coach America and BNSF seek a declaration by the Court "of the appropriate allocation of the proceeds of the QBE Policy." <u>See</u> Docket No. 49, p. 6. Regardless of nomenclature, the parties are both requesting an equitable allocation of the limits of the policy issued by QBE Insurance to Keiser. At this stage of litigation, the Court has determined the policy limits, but has not allocated funds among the Defendants. The Court finds there has not been an ultimate disposition of the claim and certification of the Court's amended order of August 23, 2017, as final under Rule 54(b) is inappropriate. <u>See</u> <u>Downing v. Riceland Foods, Inc.</u>, 810 F.3d 580, 585 (8th Cir. 2016).

The Court further concludes there is no danger of hardship or injustice through delay which would be alleviated by immediate appeal." <u>Hayden</u>, 719 F.2d at 268. The Court's amended order of August 23, 2017, decides the limits of QBE Insurance's policy issued to Keiser. The Court has made no determinations of the allocation of those funds among the Defendants. The relationship between the purported "adjudicated claim" (i.e. stacking issue) is intrinsically linked to the Court's equitable allocation of funds. Additionally, all the considerations discussed in the Court's denial of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) weigh in favor of similarly denying

certification under Rule 54(b). Consequently, QBE Insurance has not made a showing of hardship or injustice that warrants a Rule 54(b) certification and a just reason for delay exists. The absence of such a showing constitutes a sufficient basis for denying the motion. See Bair, 754 F.2d at 800 (stating that the certification of judgment for the purposes of permitting immediate appeal should not have been granted where no showing of hardship or injustice was made); Little Earth of United Tribes, Inc. v. U.S. Dep't. of Housing and Urban Dev., 738 F.2d 310, 313 (8th Cir. 1984) (finding no discernable danger of hardship or injustice to warrant the district court's certification of judgment under Rule 54(b)). The Court has carefully considered the arguments of the parties and, in its broad discretion, does not believe a Rule 54(b) certification is warranted under the circumstances. It is only the "special case" that warrants an immediate appeal from a partial resolution of a lawsuit via Rule 54(b), and this is not such a case.

III.    **CONCLUSION**

The Court has carefully reviewed the entire record and the relevant case law. For the reasons set forth above, "QBE's Motion for Certification Under 28 U.S.C. Section 1292(b) or Alternatively Under Rule 54(b)" (Docket No. 165) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 18th day of October, 2017.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

11